UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DISTRICT

| | |
|---|---|
| SALA NAAMBWE and YVETTE NIMENYA<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC.<br><br>Defendant. | Case No.:   4:17-cv-04123-LLP<br><br><br>ANSWER |

Defendant Smithfield Foods, Inc. ("Smithfield"), through counsel, responds to the complaint of Plaintiffs Sala Naambwe and Yvette Nimenya ("Plaintiffs") as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Paragraph 1 of the complaint sets forth a legal conclusion to which Smithfield is not required to respond. To the extent these allegations are construed as factual in nature, Smithfield denies them, and denies that Plaintiffs have sustained any injury that would entitle them to relief under Title VII or any other law.

2. Smithfield admits the allegations of paragraph 2 of the complaint.

3. Smithfield admits the allegations of paragraph 3 of the complaint.

4. Smithfield admits the allegations of paragraph 4 of the complaint, except states that it is a subsidiary of the WH Group Limited.

5. Smithfield denies the allegations of paragraph 5 of the complaint. Answering further, Smithfield states that Plaintiffs are employed by John Morrell & Co., a wholly-owned subsidiary of Smithfield. John Morrell & Co. should be substituted for Smithfield as the proper defendant in this case. By responding to this complaint, Smithfield does not admit that it hired

1

or employed Plaintiffs, or had any control over the terms and conditions of their employment. All responses to the allegations of this complaint also are made on behalf of John Morrell & Co.

      6.      Paragraph 6 of the complaint sets forth a legal conclusion to which Smithfield is not required to respond.  To the extent these allegations are construed as factual in nature, Smithfield denies them, and denies that Plaintiffs have sustained any injury that would entitle them to relief from this Court.

      7.      Paragraph 7 of the complaint sets forth a legal conclusion to which Smithfield is not required to respond.  To the extent these allegations are construed as factual in nature, Smithfield denies them, and denies that Plaintiffs have sustained any injury that would entitle them to relief from this Court.

## FACTUAL ALLEGATIONS

      8.      Smithfield lacks sufficient information to admit or deny the allegations of paragraph 8 of the complaint, and on that basis denies those allegations.

      9.      Smithfield lacks sufficient information to admit or deny the allegations of paragraph 9 of the complaint, and on that basis denies those allegations.

      10.      Smithfield admits the allegations of paragraph 10 of the complaint.

      11.      Smithfield admits the allegations of paragraph 11 of the complaint.

      12.      Smithfield denies as stated the allegations of paragraph 12 of the complaint.

      13.      Answering paragraph 13 of the complaint, Smithfield admits only that a co-worker made inappropriate statements to Plaintiffs on one occasion in February 2016, and denies the remaining allegations of this paragraph.

      14.      Answering paragraph 14 of the complaint, Smithfield admits only that Plaintiffs reported to their supervisor an incident involving a co-worker's inappropriate statements, and denies as stated all other allegations of this paragraph.

15. Smithfield denies the allegations of paragraph 15 of the complaint.

16. Answering paragraph 16 of the complaint, Smithfield admits that Plaintiffs and their co-worker made a complaint to Human Resources, but denies as stated all remaining allegations of this paragraph.

17. Smithfield denies the allegations of paragraph 17 of the complaint.

18. Smithfield denies the allegations of paragraph 18 of the complaint.

19. Smithfield denies the allegations of paragraph 19 of the complaint with regard to its actual or constructive knowledge of Plaintiffs' past experiences, their needs or expectations. Smithfield admits that it seeks to provide all its employees with a non-discriminatory work environment and that it has written policies that prohibit any form of discrimination or retaliation in its workplace. Smithfield denies as stated any remaining allegations of paragraph 19.

20. Smithfield denies the allegations of paragraph 20 of the complaint.

21. Smithfield lacks sufficient information to admit or deny any allegations about Plaintiffs' beliefs or state of mind, and on that basis denies the allegations in this paragraph. Smithfield also specifically denies the allegations that it does not enforce its written policies, that it condones any discriminatory acts and policy violations in its workplace, or that it discourages employees from reporting any such conduct they may observe.

22. Smithfield denies the allegations of paragraph 22 of the complaint.

23. Smithfield denies the allegations of paragraph 23 of the complaint.

24. Answering paragraph 24 of the complaint, Smithfield lacks sufficient information to admit or deny any allegations about Plaintiffs' beliefs or state of mind, and on that basis denies the allegations in this paragraph. Smithfield also specifically denies the allegations in this paragraph to the effect that its managers are trying to make Plaintiffs' work environment hostile,

dangerous and stressful so that they will voluntarily leave employment, and denies any remaining allegations of paragraph 24.

## COUNT 1 – REPRISAL IN VIOLATION OF TITLE VII

25. Smithfield incorporates by reference herein its responses to paragraphs 1-24 of the complaint.

26. Smithfield denies the allegations of paragraph 26 of the complaint.

27. Smithfield denies the allegations of paragraph 27 of the complaint.

28. Smithfield denies the allegations of paragraph 28 of the complaint.

29. Smithfield denies the allegations of paragraph 29 of the complaint.

30. Smithfield denies the allegations of paragraph 30 of the complaint.

## COUNT 2 – RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII

31. Smithfield incorporates by reference herein its responses to paragraphs 1-29 of the complaint.

32. Paragraph 32 of the complaint sets forth a legal conclusion to which Smithfield is not required to respond.  To the extent these allegations are construed as factual in nature, Smithfield denies them, and denies that Plaintiffs are entitled to relief under the cited statute.

33. Smithfield denies the allegations of paragraph 33 of the complaint.

34. Smithfield denies the allegations of paragraph 34 of the complaint.

35. Smithfield denies the allegations of paragraph 35 of the complaint.

36. Smithfield denies that Plaintiffs are entitled to any of the relief requested in the "Wherefore" paragraph of the complaint.

37. Any allegations of the complaint that Smithfield has not already admitted or denied are hereby denied.

## DEFENSES

Without waiving or excusing Plaintiffs' burden of proof, or admitting that Smithfield has any burden of proof, Smithfield hereby asserts the following defenses:

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

At all times, Smithfield treated Plaintiffs without regard to their race, national origin, or their complaints about co-workers or supervisors, and took actions with regard to Plaintiffs based only on reasonable, legitimate non-discriminatory and non-retaliatory factors.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Smithfield exercised reasonable care to prevent the type of misconduct alleged in the Complaint, and to promptly correct any discriminatory, retaliatory and/or harassing behavior that was reported to it (if any), and Plaintiffs failed to exercise reasonable care to avoid the injuries they purportedly suffered in that, among other things, they unreasonably failed to utilize Smithfield's internal complaint procedures.

### FOURTH DEFENSE

All actions taken by Smithfield with regard to Plaintiffs were based on legitimate and reasonable business factors not related to any impermissible criterion, retaliatory intent, or statutory prohibition, and all actions taken by Smithfield were those a reasonable prudent person or business would take, and were without fault or negligence.

**FIFTH DEFENSE**

Expressly denying any wrongdoing on its part, and expressly denying that Plaintiffs have been damaged as alleged, Smithfield states that Plaintiffs have not been damaged in the manner or to the extent alleged in the Amended Complaint.

**SIXTH DEFENSE**

Plaintiffs are not entitled to some or all of the relief requested in their Complaint because, even if Smithfield were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiffs, which Smithfield denies, Smithfield would have taken the same action with regard to Plaintiffs' employment regardless of any impermissible factors.

**SEVENTH DEFENSE**

Any improper or unlawful employment action taken by any representative of Smithfield upon which Plaintiffs base their claims, if they were made at all, was made outside the course and scope of such representative's authority, without the knowledge and/or approval of Smithfield, was in conflict with Smithfield's policies, and was not ratified, confirmed, or approved by Smithfield. Accordingly, Plaintiffs are barred from asserting any purported claims against Smithfield based on this alleged conduct.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Smithfield has published internal policies against discrimination and retaliation, and taken reasonable action to prevent and promptly correct any alleged discriminatory and retaliatory behavior.

**NINTH DEFENSE**

Without conceding that Plaintiffs have sustained damages as a result of any conduct of Smithfield's, Plaintiffs' claims are barred, in whole or part, because they have failed to mitigate

their alleged damages in numerous ways, including, but not limited to, declining Smithfield's many attempts at assistance.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or part by applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or part by the doctrines of estoppel, laches, waiver and unclean hands.

## TWELFTH DEFENSE

Even if any misconduct occurred, which Smithfield denies, some or all of Plaintiffs' claims are barred to the extent they failed to put Smithfield on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Smithfield, and failed to provide Smithfield a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

## THIRTEENTH DEFENSE

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief may be granted, because they fail to establish a causal link between any adverse employment actions allegedly taken against them and any protected activity in which they allegedly engaged.

## FOURTEENTH DEFENSE

Plaintiffs have failed to allege or prove facts sufficient to allow recovery of punitive/exemplary damages or attorneys' fees against Smithfield.

## FIFTEENTH DEFENSE

Plaintiffs have not alleged facts which would entitle them to punitive damages, nor can they prove such entitlement.

**SIXTEENTH DEFENSE**

Some or all of Plaintiffs' claims are barred by reason of preemption, including, but not limited to, preemption under South Dakota's workers compensation law.

**SEVENTEENTH DEFENSE**

Some or all of Plaintiffs' claims are barred because Smithfield and its agents at all times acted reasonably and in good faith on matters relating to Plaintiffs' employment, based on all relevant facts and circumstances known by them at the time.

Smithfield at present has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Smithfield reserves the right to assert additional defenses if discovery indicates that such additional defenses would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Smithfield prays for judgment in its favor and against Plaintiffs as follows:

1. That the complaint be dismissed in its entirety with prejudice;
2. That Plaintiffs take nothing by way of the complaint;
3. That Smithfield recover its costs, disbursements, and attorneys' fees in this action; and
4. For such other and further relief as the Court deems just and proper.

Date: October 12, 2017					Respectfully submitted,

                **SMITHFIELD FOODS, INC.**

                By:  /s/ *Lisa Hansen Marso*
                  Lisa Hansen Marso
                  BOYCE LAW FIRM, L.L.P.
                  300 S. Main Avenue
                  Post Office Box 5015
                  Sioux Falls, SD 57117-5015
                  605.336.2424 – PHONE
                  605.334.0681 – FAX
                  LKMARSO@BOYCELAW.COM

                  Susan F. Wiltsie (*PRO HAC VICE* -PENDING)
                  Andrea R. Calem (*PRO HAC VICE* - PENDING)
                  HUNTON & WILLIAMS LLP
                  2200 Pennsylvania Avenue, N.W.
                  Washington, D.C. 20037
                  202.955.1500 – PHONE
                  202.778.2201 – FAX
                  SWILTSIE@HUNTON.COM
                  ACALEM@HUNTON.COM

                  *ATTORNEYS FOR DEFENDANT*
                  *SMITHFIELD FOODS, INC.*

## CERTIFICATE OF SERVICE

  I, Lisa Hansen Marso, hereby certify that I am a member of the Boyce Law Firm, L.L.P., and that on the 12th day of October, 2017, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record for the Plaintiff:

  Stephanie E. Pochop
  Stephanie@Rosebudlaw.com

                  /s/ *Lisa Hansen Marso*
                  Lisa Hansen Marso