# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DISTRICT

| | |
|---|---|
| SALA NAAMBWE and YVETTE NIMENYA<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC.<br><br>Defendant. | Case No.: 4:17-cv-04123-LLP<br><br><br>**DEFENDANT'S MOTIONS IN LIMINE** |

Pursuant to the Court's Third Amended Scheduling Order (Doc. 43), Defendant Smithfield Packaged Meats Corp. (incorrectly named in this action as Smithfield Foods, Inc.) ("Smithfield") respectfully moves in limine for an order excluding any statement, argument, and evidence of and prohibiting any reference to, whether during voir dire, opening statement, or closing statement, the following

1. <u>Plaintiffs' financial position</u>. Smithfield requests that the Court exclude testimony or evidence regarding Plaintiffs' financial condition. The financial conditions of any party are generally irrelevant. *See, e.g., Dixon v. Verhey*, 2014 WL 3535067, at *2 (D. Neb. July 17, 2014). Smithfield does not intend to argue Plaintiffs' financial condition was relevant to any actions they took or failed to take. As such, the evidence should be excluded. Fed. R. Evid. 401.

2. <u>Settlement negotiations</u>. Smithfield requests that the Court order the parties, their counsel, and all witnesses to refrain from offering testimony or other evidence concerning any settlement offers or any settlement negotiations at trial pursuant to Fed. R. Evid. 408, which provides, in pertinent part:

> "Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority…."

and Fed. R. Evid. 409, which provides:

> "Evidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury."

3.  <u>Other lawsuits in which Smithfield has been involved</u>.  Testimony, evidence, or assertions about previous lawsuits against Smithfield should be excluded.  They have no relevance to the matters at issue in this case and would only serve to prejudice Smithfield, confuse the issues and mislead the jury.  Fed. R. Evid. 401 - 403.

4.  <u>Insurance</u>.  A defendant's liability insurance is not admissible.  Fed. R. Evid. 411.

5.  <u>The Court's prior rulings on any motions in limine.</u>  Evidence or assertions regarding any previous rulings on any motion in limine should be excluded as it would only serve to cause prejudice, confuse the issues, and mislead the jury as to the perceived strength or weaknesses of a particular issue.  Any prior ruling must be excluded under Fed. R. Evid. 403, as it has no probative value.

6.  <u>"Me Too" Evidence involving harassment, discrimination and incident reporting by other employees.</u>  Smithfield elaborates on this motion in its separately filed Memorandum.

7.  <u>"Golden Rule" Arguments.</u>  A party should not be permitted to either directly or by implication urge the jury to place itself in a party's position to allow recovery as the jurors would want, if they were the party. *Burke v. Deere & Co.*, 6 F.3rd 497, 513 (8th Cir. 1993), cert. denied, 510 U.S. 1115 (1994) (reversing trial verdict in part because of improper Golden Rule argument).

8.  <u>Probable testimony of any witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case</u>.  Any testimony of any witness who is absent, unavailable, not called to testify in this case or not allowed to testify should be excluded as hearsay.  Hearsay is an out of court statement offered for the truth of the matter asserted, and, as a general rule, is not admissible unless an exception applies.  Fed. R. Evid. 801.

9.  <u>Smithfield's financial condition/evidence to support the claim for punitive damage</u>: Smithfield requests that the Court exclude testimony or evidence to support the punitive damages claim and evidence regarding Smithfield's financial condition. As this Court has previously held, under South Dakota law, the Court must first determine after a "hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton, or malicious conduct on the party of the party claimed against". *Brown v. Youth Servs. Int'l of S. Dakota, Inc.*, 89 F. Supp. 2d 1095, 1107 (D.S.D. 2000) (citing SDCL 21–1–4.1). Additionally, this Court has held that "evidence of financial worth may not be presented unless and until the Court rules that the issue of punitive damages goes to the jury." *E.E.O.C. v. Siouxland Oral Maxillofacial Surgery Assocs., L.L.P.*, 2007 WL 776321, at *9 (D.S.D. Mar. 9, 2007). No such determinations have been made and, accordingly, the evidence should be excluded. See further Fed.R.Evid. 401, 403.

Date: September 10, 2018                Respectfully submitted,

**SMITHFIELD PACKAGED MEATS CORP.**

/s/ Lisa K. Marso
Lisa K. Marso
BOYCE LAW FIRM, L.L.P.
300 S. Main Avenue
Post Office Box 5015
Sioux Falls, SD 57117-5015
605.336.2424 – PHONE
605.334.0681 – FAX
LKMARSO@BOYCELAW.COM

Susan F. Wiltsie (*Admitted Pro Hac Vice*)
Andrea R. Calem  (*Admitted Pro Hac Vice*)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
202.955.1500 – PHONE
202.778.2201 – FAX
SWILTSIE@HUNTON.COM
ACALEM@HUNTON.COM

*ATTORNEYS FOR DEFENDANT*
*SMITHFIELD PACKAGED MEATS CORP.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served via the Court's electronic filing system on September 10, 2018 on the following counsel for Plaintiffs:

> Stephanie E. Pochop, Esq.
> Johnson Pochop & Bartling
> 405 Main Street
> Post Office Box 149
> Gregory, South Dakota 57333
> stephanie@rosebudlaw.com

> /s/ Lisa K. Marso
> Lisa K. Marso

027120.0000086 EMF_US 70754296v2