UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| SALA NAAMBWE AND YVETTE NIMENYA,<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS,<br><br>Defendant. | **Case No: 4:17-cv-04123-LLP**<br><br>**PLAINTIFFS' LIMINE MOTIONS** |
|---|---|

COME NOW the Plaintiffs in the above-entitled matter, and pursuant to the Court's Scheduling Order dated July 31, 2018 (Doc # 43), Plaintiffs move the Court to exclude any and all evidence, testimony or argument related to: (1) Plaintiffs' EEOC Charge investigation and findings; (2) Plaintiffs' citizenship status; (3) Plaintiffs' family members work relationship with Smithfield Foods, Inc; (4) Plaintiffs' prior unrelated litigation history; (5) Plaintiffs' need for an interpreter; and Plaintiffs also request that the Court consider their pretrial motions for a punitive damage hearing during their case in chief and extended voir dire on the topic of race and discrimination claims.

A. **<u>The Prevailing Legal Standard</u>**

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence to determining the action. Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

1. Motion in Limine #1. **The Court should exclude evidence, testimony or argument related to the EEOC's conclusion and findings regarding the Plaintiffs' underlying administrative Charges of Discrimination and related settlement negotiations.**

Federal courts generally resist the admission of the EEOC's findings and conclusions because the agency determination can be cursory. *See Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir.), *cert. denied,* 469 U.S. 1041, 105 S.Ct. 525, 83 L.Ed.2d 413 (1984). Here, the EEO mediator recommend a settlement with the parties, but when the mediation failed to produce an agreement between them, a cursory Right to Sue was issued. *See* Fed. R. Evid. 408. The only relevant, admissible testimony regarding the EEO process should be limited to evidence of the Defendant's supervisors knowledge of the Plaintiffs' protected activity, and the correlation and time nexus between harassing and retaliatory actions.

2. Motion in Limine #2. **The Court should exclude evidence, testimony or argument related to Plaintiffs' citizenship status.**

Both Plaintiffs are working in the United States legally, a fact which Smithfield Foods, Inc. has an obligation to both document and verify. The completion of their respective paths to citizenship is not relevant to any claim or issue in this case, and may be unduly prejudicial given the negative, political rhetoric that publicly abounds regarding immigrants. Therefore, any evidence about the Plaintiffs' citizenship status should be excluded. Fed. R. Evid. 402, 403.

3. Motion in Limine #3. **The Court should exclude evidence, testimony or argument related to Plaintiffs' relatives who have worked for the Defendant or its precessors.**

Both Plaintiffs have children and they have had family members, including Ms. Nimenya's husband, employed at Smithfield Foods, Inc. However, none of their family

members have been involved in the Plaintiffs' work environment or retaliation complaints and report. The Plaintiffs' family status is not relevant to any issue in this case, and therefore Plaintiffs request that any evidence related to their family members who are or have been employed at Smithfield Foods, Inc. be excluded. Fed. R. Evid. 402.

4. Motion in Limine # 4. **The Court should exclude evidence, testimony or argument related to the Plaintiffs' unrelated litigation history.**

Plaintiffs have minor, unrelated litigation backgrounds. These include traffic tickets and a small claims collection action. The only relevant matter is the South Dakota state court file 49TPO17-00326, *Naambwe v. Ogladez*, the TPO matter involved in this case: the Plaintiffs' assert that this record of litigation by Ms. Naambwe is relevant and admissible. None of the rest of their respective litigation backgrounds are related to the present claim and should be excluded. Fed. R. Evid. 401. Even assuming that the Plaintiffs' prior litigation history had some minimal probative value, such value is substantially outweighed by the danger of unfair prejudice. Fed. Rule Evid. 403. Therefore, Plaintiffs request that any evidence related to their prior criminal, traffic or civil litigation history be excluded.

5. Motion in Limine # 5. **The Court should exclude evidence of unasserted or dismissed claims.**

If there are claims that are dismissed by the Court or the parties prior to trial, and if there are unasserted claims that Smithfield Foods, Inc. believes that Plaintiffs could have asserted but failed to do so, Plaintiffs request any evidence or argument related to the dismissed or unasserted claims should be excluded as irrelevant and prejudicial, as well as causing unnecessary confusion of the issues and potentially misleading the jury. Fed. R. Evid. 402, 403.

6. Pretrial Motion # 1 and Motion in Limine # 6 re: Interpreters. **The Court should approve an interpreter for the Plaintiffs and any other witness who is an English Second Language speaker.**

Both the Plaintiffs and one of the witnesses in the case are "ESL" speakers who have functional understanding of English but who do not articulate well in English. The Plaintiffs in particular both speak Swahili, and have heavily accented English. The parties should confer about the use of an interpreter for these witnesses in advance of trial. The Defendant should also be prohibited from making any negative comment about the Plaintiffs' ESL status or accented speech as the same is irrelevant and can be unduly prejudicial given the prevailing rhetoric about immigrant status. Fed. R. Evid. 401, 402.

7. Pretrial Motion # 2. **The Court should permit a hearing during the trial regarding Plaintiffs' punitive damage claims.**

South Dakota law requires that the parties submit their punitive damage claim only after the Court has had an opportunity to assess whether there is clear and convincing evidence of willful, wanton and malicious behavior. *See* SDCL 21-1-4.1. Plaintiffs request that this hearing be held out of the hearing of the jury, prior to the close of the Plaintiffs' case. It will not take a significant or extended time to make this argument, and the evidence for the Court to consider will have been offered on the record, in real time. At that point, the Plaintiffs' ability to offer evidence to support their punitive damage claim can been ruled upon and the Plaintiffs can then briefly offer the evidence in support of their case to the jury, with the Court's permission.

8. Pretrial Motion # 3. **The Court should permit the parties to have a trial by jury and to engage in voir dire.**

The Plaintiffs have not pleaded for a trial by jury. Nonetheless, the parties have both proceeded with the object of a jury trial in mind, and with the Court's permission, the Plaintiffs requests 30 minutes of voir dire regarding the prospective jurors' feelings about race and discrimination cases in order to ensure a fair and unbiased panel.

Dated this 10th day of September, 2018.

JOHNSON POCHOP & BARTLING

Stephanie E. Pochop
405 Main St. | PO Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
*Attorneys for Plaintiff's Sala Naambwe and Yvette Nimenya*

**CERTIFICATE OF SERVICE**

The undersigned attorney for the Plaintiffs states that on the 10th day of September, 2018, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will automatically send email notification of such filing to the following counsel:

Lisa Hansen Marso
300 S. Main Avenue | P.O. Box 5015
Sioux Falls, SD 57117
BOYCE LAW FIRM
(605) 336-2424
lkmarso@boycelaw.com

*and*

Andrea R. Calem
HUNTON ANDREWS KURTH
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 778-2219
ACalem@HuntonAK.com
*Attorneys for Defendant*

Stephanie E. Pochop
JOHNSON POCHOP & BARTLING
405 Main St. | P.O. Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com