UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SALA NAAMBWE AND YVETTE NIMENYA, <br><br> Plaintiffs, <br><br> vs. <br><br> SMITHFIELD FOODS, <br><br> Defendant. | **Case No: 4:17-cv-04123-LLP** <br><br> **PLAINTIFFS' PROPOSED INSTRUCTIONS AND JURY VERDICT FORM (WITH SOURCES)** |

COME NOW the Plaintiffs in the above-entitled matter, and pursuant to the Court's Scheduling Order dated July 31, 2018 (Doc # 43), submit the following Proposed Jury Instructions Nos. 1 – 19 plus a proposed Verdict Form. A clean copy of the same are filed simultaneously.

Dated this 10th day of September, 2018.

JOHNSON POCHOP & BARTLING

Stephanie E. Pochop
405 Main St. | PO Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
*Attorneys for Plaintiff's Sala Naambwe and Yvette Nimenya*

## CERTIFICATE OF SERVICE

The undersigned attorney for the Plaintiffs states that on the 10th day of September, 2018, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will automatically send email notification of such filing to the following counsel:

Lisa Hansen Marso
300 S. Main Avenue | P.O. Box 5015
Sioux Falls, SD  57117
BOYCE LAW FIRM
(605) 336-2424
lkmarso@boycelaw.com

*and*

Andrea R. Calem
HUNTON ANDREWS KURTH
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 778-2219
ACalem@HuntonAK.com
*Attorneys for Defendant*

_____
Stephanie E. Pochop
JOHNSON POCHOP & BARTLING
405 Main St. | P.O. Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
*Attorney for Plaintiffs Sala Naambwe and Yvette Nimenya*

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 1
### (Statement of the Case)

This is a civil action.  The Plaintiffs seek to recover monetary damages against the Defendant.

Plaintiffs Sala Naambwe and Yvette Nimenya each claim that the Defendant Smithfield Foods, Inc. violated Title VII of the Civil Rights Act of 1964 in one or two ways:  (1) by retaliating against them because they opposed discriminatory treatment in its workplace; and/or  (2) by discriminating against them creating a hostile work environment due the Plaintiffs' race and/or national origin.   They claim they have suffered vocational loss, emotional distress, humiliation, fear and loss of reputation as a result.

The Defendant admits that the Plaintiffs were subject to a discriminatory act by a co-worker, but asserts that it was an isolated incident and that it was properly addressed by its managers.  It disputes that Plaintiffs have evidence that they have been subject to either retaliation or a hostile work environment.  It further alleges that Plaintiffs have not been damaged or have failed to mitigate their damages, if any.

It will be your duty to decide from the evidence whether the Plaintiffs are entitled a verdict against the Defendant Smithfield Food, Inc.

**AUTHORITY:   8th Cir. Civil Jury Instruction 1.03 (Modified as shown).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 2
### (Deposition Testimony at Trial)

Testimony may be presented to you in the form of deposition.   A deposition is the record answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony to be offered was recorded in writing and will ~~now~~ be read to you.  ~~][was electronically videotaped and that recording will now be played for you.]~~ You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. You should not place any significant on the manner or tone used to read the witness's answers to you.

**AUTHORITY:   8th Cir. Civil Jury Instruction 2.14 (modified as shown).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 3
### (Burden of Proof)

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

**AUTHORITY:   8th Cir. Civil Jury Instruction 3.04.**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 4
### (Credibility of Witnesses)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**AUTHORITY: 8ᵗʰ Cir. Civil Jury Instruction 3.03.**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 5**
**(Corporation as Defendant)**

<u>The fact that the defendant is a corporation is immaterial</u>.   A corporation acts only through its agents or employees and any agent or employee of a  corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his <u>or</u> her [(his)  (her)] duties as an employee of the corporation.  <u>In general, all corporations are responsible under the law for any acts, omission and statements of their employees made or done within the scope of their duties as employees of the government.</u>

**AUTHORITY:   8th Cir. Civil Jury Instruction 5.23 (modified as shown above).**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 6**
**(Elements of Retaliation)**

Your verdict must be for Plaintiffs Ms. Naambwe and/or Ms. Nimenya and against

Defendant Smithfield Foods, Inc. on Plaintiffs' retaliation claims under Title VII of the Civil

Rights of 1964 if all the following elements have been proved:

First, ~~the plaintiffs complained to the Defendant that [(he)(she)(name of third party)] was~~

~~being (harassed/discriminated against on the basis of (race)~~ Ms. Naambwe and Ms. Minenya

opposed Scott Genzler's discrimination based on race, national origin and gender by reporting him

to their direct manager and by reporting him and other supervisors and staff who engaged in

retaliatory behavior toward them to the Defendant's Human Resources managers; and

Second, the Plaintiff reasonably believed that ~~[(he)]~~ she was being discriminated against on

the basis of race, national origin and gender; and

Third, the Defendant ~~(discharged, transferred, reassigned the plaintiff)~~ gave the Plaintiff

disciplinary actions, subjected her to unfavorable terms and conditions of employment in terms of

work assignments, and less favorable rules of conduct in the workplace; and

Fourth, disciplinary actions, unfavorable terms and conditions of employment in terms of

work assignments and less favorable rules of conduct in the workplace might well dissuade a

reasonable worker in the same or similar circumstances as Ms. Naambwe or Ms. Nimenya from

making or supporting a charge of discrimination; and

Fifth, the Plaintiff's opposition to discriminatory treatment, as set forth in the essential First

element above, was a "determining factor" in Defendant's decisions. The Plaintiff's opposition to

discriminatory treatment was a "determining factor" only if Defendant would not have given the disciplinary actions and unfavorable job and work assignments but for their opposition to discriminatory treatment;  it does not require that their opposition was the only reason for Defendant's decision.

You may find that the Plaintiff's ~~(age)(race)~~ ~~(sex)~~ opposition was a determining ~~[motivating]~~ factor in Defendant's decisions if it has been proved that Defendant's stated reasons for its decisions are not the real reason, but are pretext – that is, an excuse – to hide retaliation ~~[(age)(sex)(race)] discrimination.  The defendant would not have (discharged, transferred, assigned) plaintiff but for Plaintiff's complain of (race)(harassment/discrimination).~~

If any of the above five elements has not been proved by the greater weight of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

~~"But for" does not require that the plaintiffs' complaint of (harassment/discrimination) was the only reason for the decision made by the defendant.  [You may find the defendant would not have discharged the plaintiff "but for" plaintiffs' complaint of (harassment/discrimination) if it has been proved that the defendant's statement reason(s) for its decision(s) [(is)(are)not the real reason(s), but [(is)(are)] a pretext to hide retaliation.]~~

**AUTHORITY:  8**[th] **Cir. Civil Jury Instruction 10.41 (modified as shown);** *Ogden v. Wax Works, Inc.,* **214 F.3d 999, 1007 (8**[th] **Cir 2007);** *Lopez v. Aramark Unf. & Career Apparel, Inc.,* **426 F. Supp. 2d 914, 940) (N.D. Iowa 2006);** *Univ. of Texas SW Med Ctr. v. Nassar,* **133 S.Ct. 2517, 2533 (2013);** *Burrage v. United States,* **134 S. Ct. 881, 890 (2014)**(*citing Nassar*).

## PLAINTIFFS' ROPOSED INSTRUCTION NO. 7
### (Good Faith Belief)

The Plaintiffs do not need to prove that the underlying employment practice by the employer was unlawful; instead, employees are protected from retaliation, if they oppose an employment practice that they reasonably and in good faith believe to be unlawful.

**AUTHORITY:** *Clark County School District v. Breeden*, 532 U.S. 268 (2001); *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1155 (8th Cir. 1989)

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 8
### (Supervisory Liability)

An employer is liable when its supervisor's discriminatory act results in a tangible employment action. A t a n g i b l e  employment action taken by the supervisor becomes for Title VII purposes the act of the employer.


**AUTHORITY:  *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 2269 (1998).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 9
### (Tangible Employment Action)

A "tangible employment action" for purposes of this case means a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

**AUTHORITY:** *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) **(citations omitted).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 10
### (Hostile Work Environment Defined)

For the Defendant to be liable in this case, the harassment that the Plaintiffs complain of must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment.  The Plaintiff must show a practice or pattern of harassment against her.  A single incident or isolated incidents generally will not be sufficient.  The Plaintiff must generally show that the harassment is sustained and nontrivial.

A hostile work environment is assessed in the totality of the circumstances.  In determining whether an environment is hostile or abusive, the relevant factors include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

**AUTHORITY:** *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 22 (1993); *Faragher v. City of Boca Raton,* 524 U.S. 775, 786 (1998).

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 11**

**(Determining Factor and Pretext)**

You may find that the Plaintiffs' ~~(age)~~ race  and/or national origin ~~(sex)~~ was a ~~[motivating]~~ determining factor in the Defendant's actions against each Plaintiff ~~(decision)~~ if it has been proved  that the Defendant's stated reasons  for its actions ~~(decision)~~ are ~~[(is) (are)]~~ not the real reason, but are ~~[(is) (are)]~~ a pretext to hide ~~[(age) (sex)  (race)]~~ discrimination.

**AUTHORITY: 8th Cir. Civil Jury Instruction 10.41 (modified as shown).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 12
### (Determining factor defined)

As used in these instructions, a Plaintiff's (~~sex, gender,~~ race or national origin~~, religion, disability~~) was a "<u>determining</u> ~~motivating~~ factor," if the Plaintiff's race or national origin, ~~religion, disability~~ played a part or a role in the defendant's <u>actions toward the Plaintiffs.</u> ~~decision to the plaintiff.~~  However, the Plaintiff's race or national origin (~~sex, gender, race, national origin, religion, disability~~) need  not have been the only reason for the Defendant's action.

**AUTHORITY: 8th Cir. Civil Jury Instruction 8.10 (modified as shown).**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 13**
**(Supervisory Liability)**

If the verbal abuse, intimidating behavior, unwanted touching, and other abusive treatment including unwarranted disciplinary actions and unfavorable job assignments (~~describe alleged conduct or conditions giving rise to the plaintiff's claim~~) was allegedly done by (~~name of individual(s)~~ or persons who were empowered to make a significant change in the employment status of the Plaintiff's employment, such as hiring, firing, failing to promote, reassigning to a position with significantly different responsibilities or causing a significant change in benefits, then you should use Instructions _____ through ____ in determining your verdict. However, if (~~name of individual(s) or "~~the persons who allegedly engaged in <u>verbal abuse, intimidating behavior, unwanted touching, and other abusive treatment were</u> not empowered to make a significant change in the employment status of the Plaintiff's employment, then you should use Instructions ____ through ____ in determining your verdict.

**AUTHORITY: 8th Cir. Civil Jury Instruction 8.20 (modified as shown).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 14
### (Elements of Harassment based on Race or National Origin/Supervisor)

Your verdict must be for Plaintiffs Ms. Naambwe and/or Ms. Nimenya and against Defendant Smithfield Foods, Inc. on Plaintiffs' claims of race and/or national origin harassment if all the following elements have been proved:

First, the Plaintiff was subjected to verbal abuse, intimidating behavior, unwanted touching, unwarranted disciplinary actions and unfavorable job assignments;

Second, such conduct was unwelcome; and

Third, such conduct was based on the plaintiff's race or national origin [(sex/gender) (race) (color) (national origin) (religion) (age) (disability)]; and

Fourth, such conduct was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile [abusive)]; and

Fifth, at the time such conduct occurred and as a result of such conduct, the Plaintiff believed her [(his)] work environment to be hostile [(hostile) (abusive)].

If any of the above five elements has not been proved by the greater weight of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

**AUTHORITY:   8th Cir. Civil Jury Instruction 10.41 (modified as shown).**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 15**
**(Elements of Harassment based on Race or National Origin/Non-supervisor)**

Your verdict must be for Plaintiffs Ms. Naambwe and/or Ms. Nimenya and against Defendant Smithfield Foods, Inc. on Plaintiffs' claims of race and/or national origin harassment if all the following elements have been proved:

First, the Plaintiff was subjected to verbal abuse, intimidating behavior, unwanted touching, unwarranted disciplinary actions and unfavorable job assignments; and

Second, such conduct was unwelcome; and

Third, such conduct was based on the Plaintiff's race and/or national origin [(sex/gender) (race) (color) (national origin) (religion) (age) (disability)]; and

Fourth, such conduct was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile [(abusive)]; and

Fifth, at the time such conduct occurred and as a result of such conduct, the Plaintiff believed her [(his)] work environment to be hostile [(abusive)]; and

Sixth, the Defendant knew or should have known of the verbal abuse, intimidating behavior, unwanted touching, unwarranted disciplinary actions and unfavorable job assignments directed at the Plaintiff; and

Seventh, the Defendant failed to take prompt and appropriate corrective action to end the harassment.

If any of the above elements has not been proved, your verdict must be for the Defendant and you need not proceed further in considering this claim.

**AUTHORITY:   8th Cir. Civil Jury Instruction 10.42 (modified as shown).**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 16**
**(Affirmative defense to hostile work environment claim/supervisor with no tangible employment action)**

Your verdict must be for <u>Smithfield Foods, Inc.</u> on the Plaintiff's claim of harassment if

it has been proved that (a) the Defendant exercised reasonable care to prevent and correct

promptly any harassing behavior; and (b) that the Plaintiff unreasonably failed <u>to take follow</u>

<u>the Defendant's written policies and procedures.</u>

**AUTHORITY:   8th Cir. Civil Jury Instruction 8.60 (modified as shown).**

**.PLAINTIFFS' PROPOSED INSTRUCTION NO. 17**
**(Actual Damages)**

If you find in favor of a Plaintiff under Instructions _____ or _____, and if you answer "no" in response to Instruction _____, then you must award the Plaintiff such sum as you find will fairly and justly compensate her ~~the plaintiff~~ for any damages you find the Plaintiff sustained as a direct result of the Defendant's retaliatory and/or discriminatory actions against that Plaintiff.  Each Plaintiff's claims include damage claims for lost wages, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

*First,* ~~you must determine the amount of any wages and fringe benefits each the Plaintiff would have earned in her [(his) (her)] employment with the defendant if she [(he) (she)] had not been disciplined as a result of discriminatory or retaliatory actions by the Defendant.~~

*Second,* ~~you must determine the amount of any other damages sustained by each the plaintiff, such as [list damages supported by the evidence].~~[7]  ~~You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.~~

You are also instructed that the Plaintiff has a duty under the law to "mitigate" her ~~[(his) (her)]~~ damages - that is, to exercise reasonable diligence under the circumstances to minimize her ~~[(his) (her)]~~ damages.  Therefore, if you find that the Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her ~~[(him) (her)]~~, you must reduce her ~~[(his) (her)]~~ damages by the amount she ~~[(he) (she)]~~ reasonably could have avoided if she ~~[(he) (she)]~~ had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

**AUTHORITY: 8th Circuit Civil Jury Instruction 5.70 (modified as shown).**

**PLAINTIFFS' PROPOSED  INSTRUCTION NO. 18**
**(Nominal Damages)**

If you find in favor of the Plaintiff under Instruction _____ and if you answer "no" in

Instruction _____, but you  but you find that the plaintiff's damages have no monetary value, then

you must return a verdict for the Plaintiff in the nominal amount of One Dollar ($1.00).

**AUTHORITY:   8th Circuit Model Civil Instruction 5.72.**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 19**
**(Punitive Damages)**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of a Plaintiff under Instructions and _____, and if you answer "no" in response to Instruction_____, then you must decide whether the Defendant acted with malice or reckless indifference to that Plaintiff's right not to be discriminated against on the basis of her [(his) (her)] (sex) race and/or national origin or to be free from retaliation.   The Defendant acted with malice or reckless indifference if it has been proved that <u>Smithfield Foods, Inc.</u> [insert the name(s) of the defendant or manager[6] who terminated[6] the plaintiff] knew that <u>the harassing or retaliatory actions it took</u> (termination)[7] were in violation of the law prohibiting discrimination and retaliation, or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that the Defendant made a good-faith effort to comply with the law prohibiting (sex) discrimination and retaliation.

If you find that the Defendant acted with malice or reckless indifference to the Plaintiff's rights and did not make a good-faith effort to comply with the law, then, in addition to any other damages to which you find the Plaintiff entitled, you may, but are not required to, award the Plaintiff an additional amount as punitive damages for the purposes of punishing the Defendant for engaging in such misconduct and deterring the Defendant and others from engaging in such misconduct in the future.  You should presume that a Plaintiff has been made whole for her [his, her, its] injuries by the damages awarded under Instruction_____.

If you decide to award punitive damages, you should consider the following in deciding

the amount of punitive damages to award:

    1.  How reprehensible the Defendant's conduct was.   In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff].

    2.  How much harm the Defendant's wrongful conduct caused the Plaintiff and could cause the Plaintiff in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

    3.  What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its [his, her, its] wrongful conduct toward the Plaintiff and to deter the Defendant and others from similar wrongful conduct in the future.

    4.  The amount of fines and civil penalties applicable to similar conduct.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the Plaintiff.

[You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.][17]

[You may not award punitive damages against the defendant[s] for conduct in other states.]

**AUTHORITY:**   8th Circuit Model Civil Instruction 8.72 (modified as shown).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SALA NAAMBWE AND YVETTE NIMENYA,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS,<br><br>                    Defendant. | **Case No: 4:17-cv-04123-LLP**<br><br>**PLAINTIFFS' PROPOSED VERDICT FORM** |

We the jury, duly empaneled in the above-entitled action and sworn to try the issues therein, find the following:

**For Plaintiff Sala Naambwe:**

On the retaliation claim of plaintiff Sala Naambwe against Smithfield Foods, Inc., we find in favor of:.

_____

      (Plaintiff Sala Naambwe)     or     (Defendant Smithfield Foods, Inc.)

On the race and/or national origin harassment claim of Plaintiff Sala Naambwe against Smithfield Foods, Inc., we find in favor of:

_____

      (Plaintiff Sala Naambwe)     or     (Defendant Smithfield Foods, Inc.)

**Note:** Answer the next questions only if either of the above findings is in favor of the Plaintiff Sala Naambwe. If neither of the above findings is in favor of the Plaintiff Sala Naambwe, continue on to the portion of the verdict regarding the claims of Yvette Nimenya.

On the issue of damages, we find for the Plaintiff Sala Naambwe as follows:

$_____   for mental anguish, emotional distress, humiliation, loss of reputation, lost wages and actual other damages as submitted in Instruction _____ or for nominal damages as defined in Instruction _____.

$_____   Punitive damages as submitted in Instruction _____.

Note: For each category, write the dollar amount or, if none, write the word "none").

**For Plaintiff Yvette Nimenya:**

On the retaliation claim of plaintiff Yvette Nimenya against Smithfield Foods, Inc., we find in favor of:

_____   _____
(Plaintiff Yvette Nimenya)       or        (Defendant Smithfield Foods, Inc.)

On the race and/or national origin harassment claim of Plaintiff Yvette Nimenya against Smithfield Foods, Inc., we find in favor of:

_____   _____
(Plaintiff Yvette Nimenya)       or        (Defendant Smithfield Foods, Inc.)

**Note:**   Answer the next questions only if either of the above findings is in favor of the Plaintiff Yvette Nimenya. If neither of the above findings is in favor of the Plaintiff Yvette Nimenya, continue on to the portion of the verdict regarding the claims of Yvette Nimenya. If neither of the above findings is in favor of the Plaintiff Yvette Nimenya, have your foreperson sign and date this form because you have completed your deliberations.

On the issue of damages, we find for the Plaintiff Yvette Nimenya as follows:

$ _____      for mental anguish, emotional distress, humiliation, loss of reputation, lost wages and actual other damages as submitted in Instruction _____ or for nominal damages as defined in Instruction _____.

$ _____      Punitive damages as submitted in Instruction _____.

Note: For each category, write the dollar amount or, if none, write the word "none").

_____
Foreperson

Dated: _____