**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DISTRICT**

| | |
|---|---|
| SALA NAAMBWE and YVETTE NIMENYA<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC.<br><br>Defendant. | Case No.:   4:17-cv-04123-LLP<br><br>DEFENDANT'S TRIAL BRIEF ON EQUAL OPPORTUNITY OFFENDERS AND NONDISCRIMINATORY HARASSMENT |

Defendant Smithfield Packaged Meats Corp. ("Smithfield"), files its Trial Brief regarding equal opportunity offenders and nondiscriminatory harassment under Title VII.

To prove actionable retaliation or discrimination, Plaintiffs must show they faced discriminatory adverse action – that they were treated differently because of their race, national origin or protected activity and that the treatment was materially adverse to their employment. Title VII is not a general civility code, but instead it is "predicated on discrimination," and its plain language requires a plaintiff to show disparate treatment. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80 (1998); *Holman v. Indiana*, 211 F.3d 399, 404–05 (7th Cir. 2000) (finding Title VII inapplicable where alleged harasser treated male and female employees equally by harassing them both). When employees act rudely or inappropriately toward their co-workers regardless of their race, national origin, or protected activity, their conduct does not fall within the purview of discrimination law. *See, e.g.*, *Sampson v. City of Fort Smith, Arkansas*, 255 F. Supp. 3d 873, 893–94 (W.D. Ark. 2017) (finding no discrimination where police department unfairly provided answers to test to 'favored' applicants, but favorites were not based on race); *Ellison v. Wal-Mart Stores, Inc.*, No. 11-5070, 2012 WL 1121332, at *10 (W.D. Ark. Apr. 3, 2012) (no Title VII sex discrimination based on rumors about an employee relationship because the rumors applied to both sexes).

1

Further, even if the conduct is directed at Plaintiffs, which Defendant denies, specifically, general rudeness or profanity does not qualify as actionable harassment or adverse action under the law. *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010) ("standoff attitude" and "petty slights or minor annoyances" do not qualify as actionable retaliation); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 831 (8th Cir. 2002) ("[I]n employer retaliation cases, 'ostracism and rudeness by supervisors and co-workers do not rise to the level of an adverse employment action.'"); *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1214–15 (10th Cir. 2008) (plaintiffs did not establish actionable retaliation where alleged adverse action involved co-workers rolling their eyes and laughing at them during a staff meeting and causing embarrassment); *Harris v. Donahoe*, No. 4:11CV0411 TCM, 2011 WL 5222494, at *5 (E.D. Mo. Nov. 2, 2011) (no adverse action because "offensive" conduct did not cause plaintiff "concrete harm); *Casey v. Riedel*, 195 F. Supp. 2d 1122, 1131 (S.D. Iowa 2002) (finding "ostracism and rudeness… do not rise to the level of an adverse employment action, unless evidence indicates the behavior had an impact on the employee's job title, salary, benefits, or any other material aspect of employment").

Date: October 19, 2018                                   Respectfully submitted,

                                                **SMITHFIELD PACKAGED MEATS CORP.**

                                                By:/s/ Lisa K. Marso
                                                    Lisa K. Marso
                                                    BOYCE LAW FIRM, L.L.P.
                                                    300 S. Main Avenue
                                                    Post Office Box 5015
                                                    Sioux Falls, SD 57117-5015
                                                    605.336.2424 – PHONE
                                                    605.334.0681 – FAX
                                                    LKMARSO@BOYCELAW.COM

>Susan F. Wiltsie  (*Admitted Pro Hac Vice*)
>Andrea R. Calem  (*Admitted Pro Hac Vice*)
>HUNTON ANDREWS KURTH LLP
>2200 Pennsylvania Avenue, N.W.
>Washington, D.C. 20037
>202.955.1500 – PHONE
>202.778.2201 – FAX
>SWILTSIE@HUNTONAK.COM
>ACALEM@HUNTONAK.COM
>
>Amber M. Rogers (*Admitted Pro Hac Vice*)
>HUNTON ANDREWS KURTH LLP
>1445 Ross Avenue, Suite 3700
>Dallas, Texas 75202
>214.468.3308 – PHONE
>214.979.3929 – FAX
>AROGERS@HUNTONAK.COM
>
>***ATTORNEYS FOR DEFENDANT***
>***SMITHFIELD PACKAGED MEATS CORP.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via the Court's electronic filing system on the following counsel for Plaintiffs:

>Stephanie E. Pochop, Esq.
>Johnson Pochop & Bartling
>405 Main Street
>Post Office Box 149
>Gregory, South Dakota 57333

>/s/ Lisa K. Marso

027120.0000086 EMF_US 71119423v4