UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DISTRICT

| | |
|---|---|
| SALA NAAMBWE and YVETTE NIMENYA<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC.<br><br>Defendant. | Case No.:     4:17-cv-04123-LLP<br><br>DEFENDANT'S TRIAL BRIEF ON PROMPT AND EFFECTIVE REMEDIAL ACTION UNDER TITLE VII |

Defendant Smithfield Packaged Meats Corp. ("Smithfield") respectfully submits this Trial Brief regarding the standard for employers to show prompt and effective remedial action to end co-worker harassment under Title VII, and shows the Court the following:

**I.      Smithfield responded promptly upon Plaintiffs' report of harassment.**

To establish the fifth element of a hostile work environment claim based on conduct by a non-supervisory co-worker, Plaintiffs must show that Smithfield knew or should have known about the harassment and failed to take prompt remedial action reasonably calculated to stop the harassment.  *Stewart v. Rise, Inc.*, 791 F.3d 849, 862 (8th Cir. 2015).  Courts consider several factors in assessing the reasonableness of an employer's remedial measures, including "the temporal proximity between the notice and remedial action, the disciplinary or preventive measures taken, and whether the measures ended the harassment."  *Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 994 (8th Cir. 2003).  Some courts view this element as requiring two steps from the employer: "first, the short-term, temporary steps taken to deal with the situation while the employer takes steps to determine whether the complaint is valid, and second, the permanent remedial steps taken following the completion of the investigation into the complaint."  *Wilson v. City of Des Moines*, 338 F. Supp. 2d 1008, 1035 (S.D. Iowa 2004) (*citing Swenson v. Potter*, 271 F.3d 1184, 1193–94 (9th Cir. 2001)).

The case law does not include an explicit timing requirement for remedial action to be deemed "prompt," but, generally speaking, an initial response within a few days of an employer's knowledge of alleged harassment is sufficient. *Tucker v. United Parcel Serv., Inc.*, 734 F. App'x 937, 938–39 (5th Cir. 2018) (finding sufficient timeliness where employer investigated employee's allegations the week after it learned about them); *Crawford v. BNSF Ry. Co.*, 665 F.3d 978, 985 (8th Cir. 2012) (imposing discipline two days after knowledge of harassment was sufficiently prompt); *Engel v. Rapid City Sch. Dist.*, 506 F.3d 1118, 1125 (8th Cir. 2007) (imposing discipline four days after knowledge of harassment by supervisor met promptness requirement); *Weger v. City of Ladue*, 500 F.3d 710, 724 (8th Cir. 2007) (finding corrective action taken the day after learning about alleged harassment sufficiently prompt, even though plaintiff disagreed with discipline); *Meriwether*, 326 F.3d at 994 (8th Cir. 2003) (finding initial discipline, followed by one week investigation, sufficiently prompt); *Swenson*, 271 F.3d at 1193–94 (9th Cir. 2001) (finding investigation commenced within three days of employee's complaint satisfied promptness requirement).

Here, the Genzler incident occurred on Friday, and the plaintiffs and Ms. Morales reported the incident to their supervisor, Russ Hultman, the next day - Saturday. Hultman called a meeting that same Saturday, in which Genzler admitted that he had made the statements reported by the plaintiffs and Ms. Morales. Hultman then reported what he had learned to Human Resources on Monday morning.[1] Genzler received discipline the same day HR learned about the incident (Monday) and both Plaintiffs admitted in their depositions that the conduct never occurred again. As such, Smithfield's response met the legal requirements for both promptness and reasonableness because it responded quickly and its response ended the

---

[1] The fact that Plaintiffs and Ms. Morales went to Human Resources to file this report before Mr. Hultman had time to do so does not change the ultimate fact that Hultman apprised Human Resources of what he had learned.

harassing conduct. *Weger*, 500 F.3d at 724 (8th Cir. 2007) (finding where the employer responds to a harassment complaint in such a way as to promptly stop the harassment, "there is no basis for finding employer's postcomplaint actions not sufficiently corrective").

## II. Smithfield met its obligation to impose discipline sufficient to stop the harassing behavior and it had no obligation to impose more severe discipline because its discipline was effective.

Plaintiffs object to the quantum of discipline Smithfield elected to use to reprimand Genzler for his conduct: a written warning. Title VII does not require an employer to fire a harasser or use its harshest disciplinary options, as long as the discipline is reasonable calculated to end harassment *and effectively does so*. *Barrett v. Omaha Nat. Bank*, 726 F.2d 424, 427 (8th Cir. 1984) (finding employer met its obligation when, within four days of learning about alleged harassment, it warned the harasser than any further misconduct would result in termination); *Davis v. Tri-State Mack Distributors, Inc.*, 981 F.2d 340, 343–44 (8th Cir. 1992) (requiring more than a mere request to cease offensive conduct to qualify as prompt remedial action, but finding acceptable any discipline reasonably calculated to end the harassment).[2] As long as the employer's response is prompt and adequate, the plaintiff will fail to meet the fifth element of her claim. *Meriwether*, 326 F.3d at 994 (finding employer met its obligation when it suspended harasser pending investigation, increased suspension after investigation and the harassment did not recur).

---

[2] *See also Williams-Boldware v. Denton Cty., Tex.*, 741 F.3d 635, 641–42 (5th Cir. 2014) (finding employer met its obligation to take prompt remedial action when it verbally reprimanded harassing supervisor and no longer allowed him to supervise plaintiff); *May v. Fedex Freight E., Inc.*, 374 F. App'x 510, 512 (5th Cir. 2010) (finding employer met is obligation when it issued co-worker a written warning and temporary suspension, in part because Title VII does not require the employer to use the most serious sanction available, especially for an employee's first offense); *Ellison v. Brady*, 924 F.2d 872, 881–82 (9th Cir. 1991) (finding employer need not fire harasser, but instead must 'persuade individual harassers to discontinue unlawful conduct' and judging effectiveness of remedial measures on whether they accomplish that goal); *Poole v. S. Arkansas Univ. Tech. Coll.*, No. 04-CV-1089, 2006 WL 1096373, at *5–6 (W.D. Ark. Apr. 25, 2006) (finding employer met its legal obligations to take prompt remedial action where it issued harasser a written reprimand and conduct subsequently stopped, even though plaintiff wanted harasser fired).

Here, the evidence will show Smithfield issued Genzler reasonable discipline based on his conduct and disciplinary history, and that the discipline was effective in ending the harassment. For that reason, Plaintiffs cannot establish an essential element of their hostile environment case: that Smithfield failed to take prompt and appropriate remedial measures that stopped any harassment. It is undisputed that Smithfield did so. The fact that Plaintiffs would have preferred that Genzler receive harsher discipline is of no consequence as a matter of law.

Date: October 19, 2018

Respectfully submitted,

**SMITHFIELD PACKAGED MEATS CORP.**

By: /s/ Lisa K. Marso
  Lisa K. Marso
  BOYCE LAW FIRM, L.L.P.
  300 S. Main Avenue
  Post Office Box 5015
  Sioux Falls, SD 57117-5015
  605.336.2424 – PHONE
  605.334.0681 – FAX
  LKMARSO@BOYCELAW.COM

  Susan F. Wiltsie  (*Admitted Pro Hac Vice*)
  Andrea R. Calem  (*Admitted Pro Hac Vice*)
  HUNTON ANDREWS KURTH LLP
  2200 Pennsylvania Avenue, N.W.
  Washington, D.C. 20037
  202.955.1500 – PHONE
  202.778.2201 – FAX
  SWILTSIE@HUNTONAK.COM
  ACALEM@HUNTONAK.COM

  Amber M. Rogers (*Admitted Pro Hac Vice*)
  HUNTON ANDREWS KURTH LLP
  1445 Ross Avenue, Suite 3700
  Dallas, Texas 75202
  214.468.3308 – PHONE
  214.979.3929 – FAX
  AROGERS@HUNTONAK.COM

  *ATTORNEYS FOR DEFENDANT*
  *SMITHFIELD PACKAGED MEATS CORP.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via the Court's electronic filing system on the following counsel for Plaintiffs:

>Stephanie E. Pochop, Esq.
>Johnson Pochop & Bartling
>405 Main Street
>Post Office Box 149
>Gregory, South Dakota 57333

/s/ Lisa K. Marso